| 77 | 305 |
|---|---|
| f219 | ³520 |

# Loucheim Brothers *versus* Henszey, Adm'r, &c., of Gregory.

1. A creditor sued a debtor and obtained judgment by default under which his goods were sold by the sheriff; within four months, proceedings in bankruptcy were commenced against the debtor, who was adjudged a bankrupt. These proceedings were not *per se* in fraud of the bankrupt law, although the creditor had reason to believe that the debtor was insolvent at the time.

2. In an action against the marshal for the sale of goods claimed to be the plaintiff's, although the uncontradicted evidence of plaintiff showed a clear case of fraud in fact, the question of fraud was for the jury.

3. Actual collusion or fraud in fact is always for the jury.

January 14th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Certificate from the Court at Nisi Prius: No. 463, to January Term 1870.

27 P. F. SMITH—20

[Loucheim Brothers *v.* Henszey.]

This was an action of trespass d. b. a., brought, April 2d 1870, by Henry S. Loucheim and Joseph Loucheim, trading as Loucheim Brothers, against Edgar M. Gregory, marshal of the United States for the Eastern District of Pennsylvania. The defendant having died, Joseph G. Henszey, his administrator, was substituted on the record as defendant.

The action was for selling certain store goods (which the plaintiffs alleged belonged to them), as the property of Nathan Kahn, a bankrupt, under a warrant from the assignee in bankruptcy.

On the 4th of December 1869, the plaintiffs brought suit against Kahn in the District Court of Philadelphia, and on the 27th of the same month judgment for $3677.83 was entered against the defendant for want of an affidavit of defence.

On the same 4th of December a suit was brought against Kahn by Henry S. Loucheim, and on the 18th of the same month judgment for $2675.30 was entered against the defendant for want of an affidavit of defence.

Executions were issued on these judgments and the goods sold by the sheriff January 5th 1870. After setting apart $300 to Kahn under the exemption law, the sheriff sold the remainder for $567.58; about half of them were bought directly by the plaintiffs, and nearly all the remainder were bought by them from the other purchasers of the goods at the sheriff's sale.

On the 25th of January 1870, petitions of creditors were filed in the District Court of the United States, praying that Kahn might be declared a bankrupt. The acts of bankruptcy set out in the petitions were, that Kahn, being insolvent and with intent to defeat the bankrupt laws, had, in December 1869, suffered his property to be taken on legal process in favor of H. S. Loucheim, his son-in-law, and Loucheim Brothers, and with intent to prefer them; and that he had transferred his goods to H. S. Loucheim to hinder, &c., his creditors, and to hinder, &c., the operation of the bankrupt laws.

On the 25th of the same month, Kahn was adjudged a bankrupt, and a warrant of seizure issued to the marshal, who immediately seized the goods which were still in the store which Kahn had occupied up to the sheriff's sale.

The case was tried, February 7th 1872, before Thompson, C. J. The foregoing facts appeared on the trial, and much evidence was given tending to show actual fraud on the part of the plaintiffs.

The following were plaintiff's points:—

1. That the judgment, execution and sheriff's sale in the case of Loucheim *v.* Kahn stands unreversed, and the sale passed a good title to the purchaser.

2. That the judgment, execution and sheriff's sale in the case of Loucheim Brothers *v.* Kahn stands unreversed, and the sale passed a good title to the purchasers.

[Loucheim Brothers v. Henszey.]

3. Even if they could be inquired into, still, unless Kahn colluded with the plaintiffs, or either of them, to procure his property to be seized, or the debts for which the judgments were entered were fraudulent, the sheriff's sale, under said execution, passed a good title to the purchasers, and it is for the jury to say whether there is any evidence of such collusion or fraud.

The defendants' 11th point was : That upon the whole evidence the verdict must be for the defendants.

The court answered the plaintiffs' points as follows :—

1. This point is correct, unless the judgments, executions and sale were in fraud af the bankrupt law ; that is to say, with a view to give or attain a preference in an insolvent debtor's estate. In that case, even a sheriff's sale may be void as against the parties to any such arrangement, if within four months before an adjudication in bankruptcy against the debtor at the suit of the assignee, on process from a bankrupt court.

2. This point is affirmed, with the qualification just stated.

3. To this point I assent, but must add, that if the plaintiffs were the active parties in procuring a preference by judgments and executions, knowing, or having reason to know he was insolvent, the preference would be in fraud of the bankrupt law, and a good title did not, as against it, pass to plaintiffs by sheriff's sale.

The defendants' point was answered :—

" I decline to charge as requested on this point. The facts are for the jury, and we trust they, by this time, see that the great question for their determination is, whether there was collusion between the plaintiffs and defendant Kahn, to give them a preference over other creditors, or that the plaintiffs knew when they took judgments, issued executions and sold his property, that he was insolvent, or had reason to believe he was. If the testimony makes this out to your satisfaction, the defendants will be entitled to your verdict; for this took place within four months before the first decree in bankruptcy. If this is not made out from the evidence, to your entire satisfaction, then you will find for the plaintiffs such an amount of damages as you think the goods sold by the sheriff were fairly worth."

The verdict was for the defendants.

The plaintiffs took a writ of error and assigned the answers to the points for error.

*G. L. Crawford* and *W. L. Hirst*, for the plaintiffs in error.—
The judgments in this case having been obtained in adversary proceedings, although the defendant permitted judgment to go by default were not in fraud of the bankrupt law : Wilson *v.* City Bank, 5 Bankr. Rep. 270; In re W. W. Kerr, 2 Id. 124.

*T. J. Diehl* and *S. Dickson*, for defendants in error, cited

[Loucheim Brothers *v.* Henszey.]

Buchanan *v.* Smith, 16 Wall. 233 ; Wilson *v.* Bank, 17 Id. 473. The evidence of the plaintiffs themselves showed so clear a case of actual fraud, that the court should have given binding instructions to find for the defendants.

Mr. Justice SHARSWOOD delivered the opinion of the court, January 21st 1875.

It was frankly conceded by the learned counsel who argued the cause for the defendant in error, that the ruling of the court in answer to the points of the plaintiffs, cannot be sustained. Our late lamented associate, Chief Justice Thompson, before whom this case was tried at Nisi Prius, was undoubtedly right in following the current of the decisions in the United States Circuit Court, but those decisions have since been reviewed in the Supreme Court of the United States, and a different rule established : Wilson *v.* City Bank, 17 Wall. 473.

It is now contended, however, that the uncontradicted evidence of the plaintiffs themselves showed a clear case of actual collusion, on which the court would have been justified in giving a binding direction to the jury. We cannot assent to this contention. Actual collusion, or, in other words, fraud in fact, is always a question for the jury, and however convincing may be the evidence on the subject, it would be to confound the province of the two tribunals for the court to assume the decision of it. Their only control over the matter is in the right to order a new trial, should a verdict be rendered clearly against the weight of the evidence.

Judgment reversed, and a *venire facias de novo* awarded.